Filed 3/26/25  P. v. Holguin CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B333655 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA120702) |
| v. | |
| DANIEL HOLGUIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Daniel Holguin appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1172.6.[1] In 2014, Holguin pleaded no contest to second degree murder. In 2022, Holguin filed a section 1172.6 petition requesting resentencing, and the superior court denied the petition at the prima facie stage. The court concluded Holguin was ineligible for relief as a matter of law because it found based on the record of conviction—including Holguin's plea admission to use of a deadly weapon and the preliminary hearing transcript—that he was the sole perpetrator of the murder.

On appeal, Holguin argues he was entitled to an evidentiary hearing because his petition, which consisted of a form with checked boxes next to statements indicating that he met the statutory conditions for relief, satisfied section 1172.6's prima facie showing requirement. He further contends the superior court engaged in impermissible fact finding in determining the preliminary hearing transcript demonstrated he was ineligible for relief. Since briefing in this matter was completed, and after oral argument, the Supreme Court decided *People v. Patton* (Mar. 3, 2025, S279670) __ Cal.5th__ [2025 WL 666005] (*Patton*), in which the court rejected these same arguments.

In light of *Patton*, we invited the parties to submit supplemental briefing. In his supplemental brief, Holguin does not attempt to distinguish *Patton* or dispute that it squarely resolves the issues he raises on appeal. Rather, Holguin states that "[i]f this [c]ourt is inclined to affirm on the grounds that [his] petition for resentencing as currently drafted does not make a

---

[1]     All statutory references are to the Penal Code.

prima facie showing of eligibility for relief," this court should remand the matter to the superior court to permit him the opportunity to file an amended petition.

We affirm. However, following *Patton*'s example, we grant Holguin's request to remand the matter to the superior court with directions to permit him, if he so chooses, to file an amended section 1172.6 petition within 30 days of the issuance of the remittitur.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, following a preliminary hearing, the People filed an information charging Holguin with the murder of Adrian Sepulveda. (§ 187, subd. (a).) The People further alleged that during the commission of the murder, Holguin personally used a deadly weapon, to wit, a sharp object. (§ 12022, subd. (b)(1).) In 2013, the People amended the information to add an additional count alleging that Holguin was in unlawful possession of a weapon while in custody. (§ 4502.)

In 2014, the parties agreed to a negotiated disposition. Holguin pleaded no contest to second degree murder and admitted the personal use of a deadly weapon. He was sentenced to 15 years to life.

In 2022, Holguin filed a petition for resentencing under section 1170.95 (now section 1172.6). The petition consisted of a form with checked boxes next to preprinted statements indicating that Holguin met each statutory condition for relief set forth in section 1172.6, subdivisions (a)(1) through (a)(3). The superior court appointed counsel for Holguin, directed the People to file a response to his petition, and permitted Holguin's counsel to file a

reply. The People filed an opposition to Holguin's petition, arguing Holguin was the sole and actual perpetrator of the murder and attaching the preliminary hearing transcript in support of this contention. Holguin's counsel filed a reply, arguing Holguin's petition satisfied his prima facie burden and the court should not consider the preliminary hearing transcript at the prima facie stage. Holguin did not allege any factual scenario disputing the People's proffer that Holguin was the sole and actual perpetrator of the murder.

After a hearing, the superior court denied the petition, finding Holguin failed to state a prima facie case for relief. Specifically, the superior court relied on the preliminary hearing transcript and Holguin's admission that he used a deadly weapon to conclude Holguin was the "sole perpetrator" under an "actual malice" theory.

Holguin timely appealed.

## DISCUSSION

A. *Applicable Law and Standard of Review*

Senate Bill No. 1437 (2017–2018 Reg. Sess.), effective January 1, 2019, changed the law of murder by eliminating the natural and probable consequences doctrine (*People v. Gentile* (2020) 10 Cal.5th 830, 842, 847–848) and significantly narrowing the scope of the felony-murder rule (*People v. Strong* (2022) 13 Cal.5th 698, 707–708). As a result, to convict a person of murder, proof of malice is required and may no longer be imputed to a person based solely on the person's participation in a crime, except as permitted under the felony-murder rule. (§ 188, subd. (a)(3); *Gentile*, at pp. 848–849.) Under the felony-murder

rule, a participant in a qualifying felony is liable only if the person: (1) actually killed the victim; (2) aided, abetted, induced, or assisted the actual killer in the commission of murder with the intent to kill; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e)(1)–(3).)

Section 1172.6 provides a resentencing procedure for certain persons who were convicted of murder, attempted murder, or manslaughter under the pre-2019 murder laws. (*People v. Lezama* (2024) 101 Cal.App.5th 583, 590; *People v. Reyes* (2023) 97 Cal.App.5th 292, 298.) To be eligible for relief, the section 1172.6 petitioner must make a prima facie showing that the petitioner: (1) was charged with murder or attempted murder in a way that permitted the prosecution to proceed under a now impermissible theory; (2) "was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and (3) "could not presently be convicted of murder or attempted murder" because of one of the changes to the law defining murder, namely, the amendments to "Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)–(c).) If the petition satisfies the requisite prima facie showing, the superior court must issue an order to show cause and conduct an evidentiary hearing. (§ 1172.6, subds. (c) & (d).)

In determining whether a petitioner meets the prima facie burden, the superior court's "inquiry . . . is limited" to ""tak[ing] petitioner's factual allegations as true and mak[ing] a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.""""

5

(*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*); accord, *People v. Curiel* (2023) 15 Cal.5th 433, 460 (*Curiel*).) The superior court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *Curiel*, at pp. 463–464.) In the context of a guilty plea following a preliminary hearing, the record of conviction includes the transcript of the hearing. (*Patton*, *supra*, 2025 WL 666005, *9.) "[A] petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Id.* at *1.)

We independently review the superior court's determination that a section 1172.6 petition fails to make the prima facie showing warranting an evidentiary hearing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

B.    *The Superior Court Correctly Determined Holguin's Petition, in Light of the Record of Conviction, Failed To Make a Prima Facie Showing*

Holguin's petition satisfies his prima facie burden on two of the three conditions for relief. First, the People generically charged Holguin with murder committed "unlawfully" and "with malice aforethought," which permitted the prosecution to proceed to trial under any then-existing theory of murder. (§ 1172.6, subd. (a)(1); see *People v. Rivera* (2021) 62 Cal.App.5th 217, 234 ["allegation that a murder was committed 'willfully, unlawfully, and with malice aforethought' is a generic charge permitting the

6

prosecution to proceed on *any* theory of murder"], disapproved on other grounds in *Patton*, *supra*, 2025 WL 666005, *4.) Second, Holguin pleaded no contest to second degree murder and was therefore "convicted of murder," having "accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder." (§ 1172.6, subd. (a)(2).) The issue is whether Holguin has made a prima facie showing regarding the third condition—that he could not presently be convicted of murder under the current law. (§ 1172.6, subd. (a)(3).) We conclude he has not.

In *Patton*, the petitioner had "pleaded guilty to attempted murder and to intentionally discharging a firearm while doing so." (*Patton*, *supra*, 2025 WL 666005, *1.) He later filed a section 1172.6 petition, which "proffered a declaration with checkbox allegations of entitlement to relief." (*Ibid.*) In response to these conclusory allegations, "[t]he People referenced a preliminary hearing transcript supporting their contention that Patton was a lone shooter whose conviction did not implicate an invalid theory" of attempted murder. (*Ibid.*) "The People also noted Patton's admission to discharging a firearm in commission of the crime." (*Id.* at *3.) Despite opportunities to do so, Patton never proffered any specific facts suggesting "that he was not the shooter and that his conviction was tainted by an invalid theory." (*Id.* at **1, 9.) In light of Patton's record of conviction, including the preliminary hearing transcript, the court held "Patton's conclusory checkbox allegations alone could not create a factual dispute about whether he played a meaningfully different role in the attempted murder." (*Id.* at *9.) Accordingly, Patton failed to make a prima facie showing warranting an evidentiary hearing. (*Id.* at *10.)

7

This case is materially indistinguishable from *Patton*. In his petition, Holguin checked a box next to a preprinted statement that he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." He offered no specific facts in support of this statement. The People opposed Holguin's petition, arguing that the record of conviction—including the preliminary hearing transcript and his admission of the use of a deadly weapon—demonstrated that Holguin was the "sole and actual perpetrator, rendering him ineligible for section 1172.6 resentencing." In response, Holguin did not dispute the facts in the record of conviction. Rather, he proffered the same arguments the *Patton* court rejected: that he had "filed a form Petition for Resentencing and checked all the appropriate and pertinent boxes, [thereby] establishing a prima facie case for relief," and that the superior court could not consider the preliminary hearing transcript at the prima facie stage.

As in *Patton*, the record of conviction demonstrates Holguin's plea conviction was premised on his being the actual killer, and Holguin proffered no facts to create a material dispute on this point. (*Patton*, *supra*, 2025 WL666005, *9.)

At the preliminary hearing, Holguin's niece, Jazmin Gonzalez, testified as the sole witness. Gonzalez recounted how Holguin was hanging out on her porch smoking cigarettes with Sepulveda, Gonzalez's boyfriend. Gonzalez heard banging on the walls. She heard Sepulveda say, "What are you doing[?] Get off of me. Get off of me." When Gonzalez went out onto the porch, she saw Holguin on top of Sepulveda and Sepulveda trying to push him off. Gonzalez screamed for help, and Holguin took off running. She saw Holguin holding a gray object that resembled a

8

piece of broken mirror. Gonzalez explained that a mirror had broken on the porch a couple days earlier and pieces of glass were still around. After Holguin left, Gonzalez approached Sepulveda, who said, "Babe, he stabbed me."

In addition to the preliminary hearing testimony, Holguin's admission to personal use of a deadly weapon (i.e., "a sharp object") during the commission of the murder further corroborates that he was the actual killer. (See *Patton*, *supra*, 2025 WL 666005, *6 ["Patton's plea to the . . . enhancement for intentional discharge of a firearm in the commission of the attempted murder tended to corroborate" that he was "convicted, by his plea, under a valid theory of attempted murder" as the "sole and direct perpetrator"].) For purposes of the preliminary hearing, the parties stipulated that an autopsy confirmed Sepulveda died as the result of "multiple sharp force injuries."

Accordingly, given the testimony at the preliminary hearing and Holguin's admission to personal use of a deadly weapon, the only factual scenario before us shows Holguin as the sole and actual killer.

## DISPOSITION

The order denying Holguin's petition for resentencing is affirmed.  The matter is remanded to the superior court, and Holguin is granted 30 days from the issuance of the remittitur to file in that court an amended section 1172.6 petition, if he so chooses.

PULOS, J.*

We concur:


FEUER, Acting P. J.


STONE, J.

---

* Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.